## J. H. TAYLOR *v.* ISAAC SHAWLEY ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—217.]

**Jurisdiction of An Appeal.**

Since the Act of February 10, 1880, amending Gen. Stat. (1879) Ch. 28, Art. 22, § 2 (Acts 1879, p. 20), the minimum of this court's jurisdiction of appeals from judgments for money or personal property has been $100 and since such date this court had no jurisdiction of appeals from judgments of less than one hundred dollars.

APPEAL FROM NELSON CIRCUIT COURT.

February 5, 1881.

OPINION BY JUDGE COFER:

The appellant, who was plaintiff below, sued on a traverse bond claiming judgment for $90. Sayres pleaded a set-off, in which he claimed judgment for $175. In his reply the appellant pleaded a counterclaim, in which he sought judgment against Sayres, compelling the specific performance of a contract for the conveyance of the title to a tract of land. On final hearing, November 9, 1879, judgment was rendered in favor of Sayres for $95, with interest from November 9, 1878, subject to a credit of $50, the amount of damages found to be due to the appellant on account of the breach of the traverse bond.

No disposition was made of the counterclaim set up in the reply. No appeal was granted by the court below, but an appeal was granted by the clerk of this court April 28, 1880. February 10, 1880, the general assembly passed an act to amend Gen. Stat. (1879) Ch. 28, Art. 22, § 2 (Acts 1879, p. 20), whereby the minimum of this court's jurisdiction of appeals from judgments for money or personal property was raised to $100. That act took effect from its passage, but does not apply to appeals then pending. This appeal was not then pending, and, although the judgment was rendered before the act was passed, we have no jurisdiction of the appeal, and it is *dismissed*.

*F. D. Cosby, for appellant.*

*C. T. Atkinson, for appellees.*

[Cited, *Louisville &c. R. Co. v. Rountree,* 4 Ky. L. 447.]